AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>PRUDENCIO SANCHEZ-AGUILAR<br><br>*Defendant(s)* | Case No.<br>6:22-mj- 1686 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __July 1, 2022__ in the county of __Orange__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | Illegal re-entry after deportation. |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Mark Annotti, Deportation Officer
Printed name and title

Sworn to before me and signed in my presence.

Date: 7/5/22

_____
Judge's signature

City and state: Orlando, Florida

DANIEL C. IRICK, U.S. Magistrate Judge
Printed name and title

**STATE OF FLORIDA**     CASE NO. 6:21-mj- 1686

**COUNTY OF ORANGE**

### AFFIDAVIT IN SUPPORT OF THE
### ISSUANCE OF A CRIMINAL COMPLAINT

I, Mark Annotti, having been duly sworn, hereby make the following statement in support of the attached criminal complaint:

1. I am a Deportation Officer (DO) with the Department of Homeland Security, United States Immigration and Customs Enforcement (DHS/ICE), and have been employed with DHS/ICE for 19 years. I am currently appointed as the ERO Criminal Prosecutions (ECP) Officer assigned to Orlando, Florida. My duties include the investigation, arrest, and prosecution of cases involving persons who are illegally residing in the United States in violation of federal law.

2. The information set forth in this affidavit is based on my investigation, information supplied to me by other law enforcement officers and agents, and information contained within various government databases and records. Because this affidavit is submitted for the limited purpose of establishing probable cause to support the issuance of a criminal complaint, I have not included details of all aspects of my investigation. Rather, I have set forth only those facts I believe are necessary to establish probable cause that a violation of federal law has been committed.

3. On December 22, 2020, the Orlando Police Department (PD) arrested **Prudencio SANCHEZ-AGUILAR** and booked him into the Orange County Jail

(OCJ) based on state criminal charges of (1) aggravated battery with a deadly weapon (domestic violence). According to the OPD arrest affidavit, following a verbal altercation, **SANCHEZ-AGUILAR** grabbed a meat cutter knife from the kitchen and stabbed the victim (brother) twice in the chest near the heart and in the left ribs area. The unconscious victim was transported to the hospital with serious puncture wounds. Following his arrest, the OCJ booking system automatically forwarded **SANCHEZ-AGUILAR's** information to the ICE Secure Communities Initiative (SCI) Interoperability Response Center (IRC) in Miami, Florida. On December 22, 2020, the ICE SCI IRC verified **SANCHEZ-AGUILAR's** identity and determined that he likely was in the United States illegally. The ICE SCI IRC filed an ICE immigration detainer on him with the OCJ and forwarded the case to ERO Orlando for further investigation.

4. On December 29, 2021, DO Ruben Garcia of ERO Orlando interviewed and fingerprinted **SANCHEZ-AGUILAR** at the OCJ pursuant to administrative removal procedures. When DO Garcia advised **SANCHEZ-AGUILAR** of his constitutional rights in Spanish, **SANCHEZ-AGUILAR** requested the assistance of an attorney. All questioning ceased

5. On January 4, 2022, DO Garcia submitted the set of fingerprints taken from **SANCHEZ-AGUILAR** at the OCJ to the Federal Bureau of Investigation Criminal Justice Information Services Division (also referred to as IAFIS). IAFIS analyzed the set of fingerprints and found them to match **SANCHEZ-AGUILAR**

and the unique FBI number assigned to **SANCHEZ-AGUILAR**. DO Garcia forwarded **SANCHEZ-AGUILAR's** case to me because it falls under the guidelines of my assigned duties as the ECP Officer.

6. A review of various databases and ICE records disclosed that **SANCHEZ-AGUILAR** has an Alien File Number (A xxx xxx 244). He was born in 1984, in Tuxtla Gutiérrez, Chiapas, Mexico. He is a citizen of Mexico and not a citizen of the United States. On October 20, 2016, **SANCHEZ-AGUILAR** was administratively ordered deported/removed from the United States to Mexico. **SANCHEZ-AGUILAR** was physically removed from the United States to Mexico on October 21, 2016.

7. **SANCHEZ-AGUILAR** has never applied to the Attorney General of the United States and/or the Secretary of the Department of Homeland Security for permission to re-enter the United States after being removed/deported from the United States.

8. A criminal history check revealed that **SANCHEZ-AGUILAR** was recently convicted of (1) felony battery (a lessor included offense of attempted first degree murder with a weapon), a felony violation of Florida law, on July 1, 2022; he received a sentence of 364 days imprisonment and 2 years state probation (48-2020-CF-015056).

9. Based on the foregoing, there is probable cause to believe that on December 22, 2020, **SANCHEZ-AGUILAR** was found to be in the United States

3

voluntarily after being previously removed or deported, in violation of 8 U.S.C. § 1326 (a).

10. This concludes my affidavit.

_____
Mark Annotti
Deportation Officer
Immigration & Customs Enforcement

Subscribed and sworn to before me
this 5 day of July, 2022.

_____
DANIEL C. IRICK
United States Magistrate Judge